GREATER NEW YORK TIN & TAR ROOFING CO. v. GOLDSMITH.

(Supreme Court, Appellate Term. January 5, 1911.)

CONTRACTS (§ 28*)—EXISTENCE OF AGREEMENT—EVIDENCE.

Plaintiff's secretary, being called to do certain work, was told to call up defendant, which he did, and was told by him to go ahead with the work, and that defendant would send a written authorization to do the same the next day. The following day plaintiff received certain letters confirming the conversation and authorizing the work. At the trial plaintiff's secretary testified that defendant admitted that he had signed the letters, and they were introduced in evidence. After the work was completed, plaintiff's secretary called on defendant, demanded payment, and was referred to defendant's manager, who referred him back to defendant. Defendant agreed to pay, but wanted time. *Held* to establish a prima facie case of defendant's liability.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 133–144, 1782–1784; Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Greater New York Tin & Tar Roofing Company against Frederick E. Goldsmith. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Abraham Henig, for appellant.
Henry J. Goldsmith, for respondent.

GAVEGAN, J. The uncontradicted evidence in this case is that on or about May 11, 1910, one Jacobson, the secretary and treasurer

'of the plaintiff company, received a telephone message to go to Ft.
George and do some repairing. He went there and had a conversation
with a Mr. Bernstein, with the result that the plaintiff was employed
to repair the roof of a building known as the "Old Mill" at Ft. George.
After the contract was made, Jacobson asked Bernstein who would
be responsible for the bill, and in answer to this inquiry was instructed
by Bernstein to call up the defendant in the Park Row Building, which
he did and talked to a person there who said he was the defendant.
This conversation was to the effect that plaintiff should go ahead with
the work, and he (defendant) would send a written authorization to
do the work the next day. On the following day the plaintiff received
two letters, confirming the conversation and authorizing it to do the
work.

At the trial Jacobson testified that defendant admitted that he had
signed these letters, and they were received in evidence. When the
work was completed, the plaintiff's secretary called on defendant, de-
manded payment, and was referred by him to his manager, Bernstein,
who referred him back to defendant. The defendant agreed to pay
plaintiff's claim, but wanted time. Upon this state of the evidence, the
trial justice dismissed the complaint, stating that plaintiff "should sue
Bernstein."

We are at a loss to understand what the learned trial justice based
his decision on, as the plaintiff clearly made out a prima facie case on
the uncontradicted evidence. The dismissal of the complaint was er-
ror. Lomer v. Meeker, 25 N. Y. 361.

Judgment reversed, and new trial ordered, with costs to appellant
to abide the event. All concur.